**Gregory C. COOK, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 91–CM–716.**

District of Columbia Court of Appeals.

Submitted Dec. 1, 1992.
Decided Feb. 12, 1993.

---

Gerson Simon, appointed by the court, for appellant.

Roy W. McLeese III, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, and Ralph J. Caccia, Asst. U.S. Attys., were on the brief, for appellee.

Before FERREN, Associate Judge, and KERN and MACK, Senior Judges.

KERN, Senior Judge:

A jury convicted appellant of unlawfully possessing cocaine and marijuana, *see* D.C.Code § 33–541(d) (1991 Repl.), after the trial judge denied his pretrial motion to suppress as evidence these unlawful substances that he had discarded while in flight from the police. We affirm.

The record reflects that two uniformed officers responded about three-thirty in the morning to a call for a break-in from a citizen residing at 1352 Fairmont Street, N.W. The responding officers spoke with this citizen at his residence. Then, as they were returning to their cruiser, they noticed that four men, including appellant, were standing around an auto in the vacant lot adjacent to the complainant's home. The officers, determining to question them about what they might have seen, drove their cruiser onto the lot and up to where the men were standing. At that point, appellant turned and ran. The officer who had been driving the cruiser set off in pursuit while his fellow officer remained with the other three men. Within ten seconds from the commencement of appellant's flight and the officer's pursuit, appellant dropped an object to the ground and the officer scooped it up on the run. He felt it, and suspecting by its "feel" and appearance that it was narcotics, radioed for assistance in arresting the man fleeing from him.

Appellant, after about a three-block chase, was apprehended. The police did a field test of the contents of the packet appellant had thrown down and found it to be "a tan rock substance" composed of proscribed drugs. The trial court refused to suppress the drugs prior to trial. Rather, the court ruled [Tr. 66–67]:

[T]he officer is free to go up there and ask these questions. It's not illegal.

Now, the man runs. He doesn't want to talk to the police, but he doesn't walk away. He runs. Is that a reasonable articulable suspicion? In these circumstances, I don't have to decide that, because what happened is that ... within five to ten seconds, just as he [appellant] clears the parking lot, he throws something down that the officer suspects is contraband. At that point, he [the officer] has every reason to continue in pursuit....

The conclusion is that your client's [appellant's] rights have not been violated and the officer's apprehension of him was perfectly legal....

■ On April 23, 1991, some three weeks after the trial in this case and some six weeks before the instant appeal was noted, the Supreme Court decided *California v. Hodari D.,* — U.S. —, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). This decision appears to be dispositive of this appeal.

There, the Supreme Court described the salient facts: two police officers were on patrol in an unmarked car late in the evening when they "saw four or five youths huddled around a red car parked at the curb. When the youths saw the officers' car, they apparently panicked, and took flight." One of the officers pursued the respondent and another of the men, and just as "the officer was almost upon him [respondent] ... tossed away what appeared to be a small rock ... [T]he rock he had discarded was found to be crack cocaine." *Id.* — U.S. at —, 111 S.Ct. at 1549.

The Court went on to note that respondent moved to suppress the cocaine seized as evidence and an appellate court held that he had been seized "when he saw Officer Pertoso running towards him, that this seizure was unreasonable under the Fourth Amendment, and that the evidence of cocaine had to be suppressed as the fruit of that illegal seizure." *Id.*

The Court posited that "the only issue presented is whether at the time he dropped the drugs, Hodari had been 'seized' within the meaning of the Fourth Amendment.... If not, the drugs were abandoned by Hodari and lawfully recovered by the police, and the evidence should have been admitted. (In addition, of course, Pertoso's seeing the rock of cocaine, at least if he recognized it as such, would provide reasonable suspicion for the unquestioned seizure that occurred when he tackled Hodari)." *Id.*

The Court concluded that no seizure within the meaning of the Fourth Amendment had occurred. Specifically, the Court noted: "The word 'seizure' readily bears the meaning of laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful.... It does not remotely apply, however, to the prospect of a policeman yelling 'stop, in the name of the law!' at a fleeing form that continues to flee. That is no

seizure." *Id.* — U.S. at —, 111 S.Ct. at 1550.

The Court summarized its holding:

[A]ssuming that Pertoso's pursuit in the present case constituted a 'show of authority' enjoining Hodari to halt, since Hodari did not comply with that injunction he was not seized until he was tackled. The cocaine abandoned while he was running was in this case not the fruit of a seizure, and his motion to exclude evidence of it was properly denied. *Id.* — U.S. at —, 111 S.Ct. at 1552.

■ Appellant argues that even if *Hodari* would govern this case, such decision by the Supreme Court "must not be given retroactive effect." Assuming arguendo that *Hodari* constituted a new rule of law, as the dissenting justices asserted, we are unable to conclude under the particular facts here that appellant is entitled to a reversal. The verdict was entered on April 2, 1991, the Supreme Court rendered its decision in *Hodari* on April 23, 1991, and the judgment in the instant case was entered on June 10, 1992. The Supreme Court has stated in *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987): "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final...." Accordingly, the judgment must be and is

*Affirmed.*[1]

MACK, Senior Judge, concurring:

The nuances of the *Hodari* "seizure" lend themselves to various litigating positions as well as diverse legal theories and judicial analyses. *See, e.g., United States v. Wood*, 981 F.2d 536 (D.C.Cir.1992). However, because I cannot distinguish the facts of the street encounter in the instant case from those in *Hodari*, I reluctantly concur in today's majority opinion.

---

1. If the Court in *Hodari* is deemed to have applied existing law in a new manner, then its decision would clearly govern the trial proceed-

ings here. *See United States v. Johnson*, 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982).